UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUSHAR (A-Number: 245-134-616),

Petitioner,

v.

WARDEN, CALIFORNIA CITY
DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-4011-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Tushar, a citizen of India, was ordered removed to Uganda on December 12, 2025.  ICE took him into custody on December 23, 2025, to effect this removal.  Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his prolonged detention without a significant likelihood of removal in the reasonably foreseeable future violates due process.  ECF No. 1.  For the following reasons, I recommend that the petition be denied.

**Background**

Petitioner is a citizen of India who entered the United Sates without inspection on August 19, 2023, and was detained by immigration authorities.  ECF No. 7 at 2, 5.  Respondent released petitioner from custody on his own recognizance and placed petitioner into removal proceedings on August 23, 2023.  *Id.* at 7. On December 15, 2023, petitioner filed an application for asylum.

1

*Id.* at 11. On December 12, 2025, an immigration judge ordered petitioner removed to Uganda. *Id.*; ECF No. 10. On December 23, 2025, ICE took petitioner into custody. ECF No. 7 at 11. At that time, ICE verified that petitioner had no pending applications, appeals, or petitions. *Id.* at 2-3. Petitioner has remained detained throughout this time.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his prolonged detention pending removal violates due process. ECF No. 1. In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026). Respondent states that petitioner's detention is authorized under 8 U.S.C. § 1231(a)(6), which allows respondent to hold a noncitizen for removal beyond the 90-day period provided in 8 U.S.C. § 1231(a)(2). ECF No. 6 at 2. Petitioner does have a final order of removal permitting his detention under section 1231, and more than 90 days have passed since he was taken into custody. This does not end the inquiry, however, because petitioner has raised a due process claim that his detention for purposes of removal has become unreasonably prolonged under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final

2

order of removal. 533 U.S. 678 (2001).  The Court held that although the government has statutory authority to detain non-citizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*, 533 U.S. at 699.  The Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months after the final order of removal, at which point a detainee may "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the government "must respond with evidence sufficient to rebut that showing." *Id.* at 701.

To apply *Zadvydas*, I must determine when the six-month presumptively reasonable period began.  *Zadvydas*' presumptively reasonable period is triggered by a "final order of removal," which starts the 90-day statutory removal period.  *Zadvydas*, 533 U.S. at 682.  Pursuant to statute, the 90-day removal period begins on "[t]he date the order of removal becomes administratively final."[1]  8 U.S.C. § 1231(a)(1)(B)(i).  Relevant here, an order of removal is administratively final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."  8 C.F.R. § 1241.1(c).

Both parties agree that the final order of removal was issued on December 12, 2025.  *See* ECF No. 10 at 1, 8.  Petitioner received the written order by mail and had thirty days to appeal the December 12, 2025 removal order.  *See* 8 C.F.R. § 1003.38(b)(2).  Petitioner did not appeal.  *See* ECF No. 7 at 3.  The thirty-day appeal period ended on January 11, 2026, which was a Sunday, so the removal order was administratively final on January 12, 2026.  *See id.*; 8 C.F.R. § 1003.38(b)(3).  I find, consistent with respondent, that the *Zadvydas* presumptively reasonable period concludes on July 12, 2026.  *See* ECF No. 6 at 2 (agreeing that six months from the order becoming final is "in July 2026").  Accordingly, petitioner's detention is presumptively reasonable until July 12, 2026.

---

[1] Except for other provisions not relevant here.  *See* 8 U.S.C. §§ 1231(a)(1)(B)(ii), (iii).

3

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The court's order that respondent not transfer petitioner out of this District be VACATED to enable the government to effectuate petitioner's removal.  It is the court's intention that petitioner be lawfully removed to Uganda as soon as practicable.  If petitioner is not removed by the time the presumptively reasonable period ends, nothing in this order should be construed as prohibiting petitioner from filing a new petition challenging his prolonged detention.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     June 17, 2026         _____
                                 JEREMY D. PETERSON
                                 UNITED STATES MAGISTRATE JUDGE

4